Filed 1/9/15  P. v. Pedregon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DAVID PEDREGON,<br><br>    Defendant and Appellant. | H041388<br>(San Benito County<br>Super. Ct. No. CR-14-00463) |

## I.  INTRODUCTION

Defendant Anthony David Pedregon was charged by felony complaint with elder abuse with great bodily injury (Penal Code, § 368, subd. (b)(1);[1] count 1), battery with serious bodily injury (§ 243, subd. (d); count 2), and disobeying a domestic relations court order within seven years of a prior violation of that statute that involved violence (§ 273.6, subd. (d); count 3).  Defendant pleaded no contest to counts 1 and 3, and was sentenced to a four-year prison term.

Defendant filed a timely notice of appeal with a request for a certificate of probable cause.  That request, which was granted, alleged that defendant was denied effective assistance of counsel, and that defendant was unlawfully convicted, sentenced, and committed to state prison.  Appointed counsel filed an opening brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf.  Defendant responded by submitting two filings.

---

[1] Unspecified statutory references are to the Penal Code.

1

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *Kelly*, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.) We also discuss defendant's contentions and explain why we will affirm the judgment. (*Ibid*.)

## II. FACTUAL BACKGROUND

Our description of the facts is taken from the police report, which was used as the factual basis for defendant's no contest pleas.

On April 8, 2014, Hollister Police responded to a disturbance at defendant's father's home. Defendant's father reported that he and defendant argued in the back yard over defendant's dog. Defendant pushed his 79-year-old father in the chest with both hands. His father hit his hand on a chair as he fell, causing a small cut. The next day defendant's father was treated at an urgent care center for a shattered finger as a result of the previous day's altercation. Defendant was arrested at his father's house later that day. After he was advised of his *Miranda* rights, defendant acknowledged a protective order prohibiting contact with his father. Defendant admitted to pushing his father because his father had become angry and picked up a shovel, and defendant thought that his father would use the shovel as a weapon.

The protective order, issued as a condition of probation in July 2012 under section 1203.097, prohibited defendant from coming within 100 yards of his father or his father's residence for three years.

## III. TRIAL COURT PROCEEDINGS

Defendant waived his right to a preliminary hearing, and he pleaded no contest to counts 1 and 3 of the felony complaint. In exchange, the prosecutor agreed to dismiss count 2 and to strike the great bodily injury allegation from count 1, and the parties stipulated to a four-year prison term. In sentencing defendant to the stipulated upper term

2

of four years on count 1 and two years concurrent on count 3, the court noted the aggravating factors of defendant's prior prison terms and the victim's vulnerability.

By stipulation, defendant was awarded 114 actual days plus 114 days conduct credit for a total of 228 days of presentence custody credit. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)(2)), suspended the imposition of a $300 parole revocation restitution fine (§ 1202.45), and ordered payment of a $40 court operations assessment (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment (Gov. Code, § 70373).

## IV. *WENDE* ANALYSIS

Defendant argues that he cannot be convicted of both elder abuse and violating a protective order because "it was legally impossible for him to have committed a crime under both … statute[s]." But the statutes criminalize separate conduct. Elder abuse requires that the offender "willfully causes or permits an elder or dependent adult to suffer, or inflicts thereon unjustifiable physical pain or mental suffering[.]" (§ 368, subd. (b)(1).) In contrast, section 273.6 criminalizes "[a]ny intentional and knowing violation of a protective order," which can occur without any physical pain or mental suffering. The record contains a factual basis for both offenses.

Defendant also argues that he received ineffective assistance of counsel at his sentencing hearing because his attorney did not argue for a lower or middle term sentence. But the plea agreement provided for a stipulated four-year upper term prison sentence. Defendant accepted that agreement and was sentenced accordingly.

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## V. DISPOSITION

The judgment is affirmed.

3

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.